UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUMPSTART OF SARASOTA, LLC,

        Plaintiff,

v.                          CASE NO. 8:11-CV-617-T-17TGW

ADP SCREENING AND
SELECTION SERVICES, INC.,
etc.,

        Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 6   Motion to Dismiss
Dkt. 7   Response
Dkt. 8   Affidavit
Dkt. 11  Reply

The Complaint in this case includes Count I, for breach of contract, and Count II, for an accounting. The Asset Purchase Agreement ("APA") dated 4/29/2004 is attached to the Complaint. The basis of jurisdiction is diversity. This case was removed from the Circuit Court of the Twelfth Judicial Circuit of Florida, in and for Sarasota County, on March 24, 2011.

The Court notes that Plaintiff withdraws Count II of the Complaint (Dkt. 7, p. 6).

Plaintiff Jumpstart of Sarasota, LLC ("Jumpstart") sold the business Plaintiff operated (then known as ClinNet Solutions, LLC, whose members were Martin Clegg, Thomas Hartnett, and Harry Chororos) to Defendant ADP Screening and Selection

Case No. 8:11-CV-617-T-17TGW

Services, LLC. The purchase involved the sale and/or assignment of certain assets and the assumption of liabilities as stated in the APA. The APA is a comprehensive document (47 pages) which was negotiated at arms length between the parties. The closing of the transaction took place in Sarasota, Florida. The price of the transaction was subject to post-closing adjustment.

Defendant ADP Screening and Selection Services, Inc. ("ADP") moves to dismiss Count I because the breach of contract claim is barred by the applicable statute of limitations.

Plaintiff opposes Defendant's Motion.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's

2

framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

> As the United States Supreme Court explained:
>
> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (quotation marks and internal citations omitted) (quoting Twombly, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. Id. at 1950–51.

II. Defendant ADP's Motion

Defendant ADP argues that Plaintiff's claim for breach of contract was not filed within the five year statute of limitations under Fla. Stat. 95.11(2)(b). Defendant argues that Plaintiff's claim for breach of contract accrued on March 1, 2005, when Defendant ADP allegedly failed to provide an "Adjustment Statement" in compliance with Section 2.12 of the APA.

Defendant ADP notes the choice of law provision in the APA, Sec. 11.3. Defendant ADP argues that the plain language of the choice of law provision excludes any agreement to impart New York's time period for asserting a claim for breach of contract, as the parties limited the applicability of New York law to the "validity,

Case No. 8:11-CV-617-T-17TGW

construction and performance" of the Agreement.

Defendant ADP further argues that New York's Civil Practice Laws and Rules Section 202 provides that a cause of action accruing outside of New York but asserted under New York law must comply with both the statute of limitations of New York and the state in which the claim accrued. See Portfolio Recovery Assocs, LLC v. King, 14 N.Y. 3d 410, 416 (2010). New York C.P.L.R. 202 provides

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Defendant ADP argues that the claim accrued in Florida. Defendant ADP was obligated to deliver an "Adjustment Statement" within Florida, and Plaintiff sustained its alleged injury, if any, within Florida.

III. Plaintiff's Response

The transaction between the parties included the transfer of certain accounts receivable. The parties agreed that certain post-closing adjustments would be made, in accordance with Section 2.12 of the APA, in order to adjust the final purchase price based on the amount of receivables ultimately collected by Defendant ADP.

The Complaint alleges that the contemplated "Adjustment Statement" was never furnished by ADP to Plaintiff. Pursuant to Section 2.12, ADP was required to furnish the Adjustment Statement to Plaintiff within sixty days of December 31, 2004, i.e. on or before March 1, 2005. Plaintiff was to be given 30 days within which to contest Defendant ADP's calculations.

4

Case No. 8:11-CV-617-T-17TGW

Plaintiff Jumpstart argues that communications as to the accounting matters at issue in this case took place between Plaintiff and ADP representatives located in New Jersey, where Defendant ADP's parent company, Automatic Data Processing, Inc. Is located. The accounting to be made by ADP was to be made through the New Jersey office of Defendant ADP.

Plaintiff further argues that Complaint alleges that Defendant ADP failed or refused to collect certain accounts receivable that were collectible, with a resulting and unwarranted reduction in the purchase price owed to Plaintiff:

| | |
|---|---|
| $205,779 | Union Pacific |
| 61,290 | State of Illinois |
| 59,865 | Amtrak |
| 22,294 | Aviation and Small Business Consortium |
| 16,293 | Verification, Inc. |
| 84,904 | Earth Tek |

Plaintiff further argues that the Complaint alleges that Defendant ADP represented that Defendant was unable to collect certain receivables, including a $46,000 item from Quest Diagnostics, which Plaintiff now believes that Defendant did collect. Plaintiff argues that the purchase price was improperly adjusted downward as if Defendant did not collect that amount.

Plaintiff further argues that, in the context of a venue analysis, the location of the breach of contract has been held to be most determinative of the proper venue. See Brownsberger v. GEXA Energy, L.P., 2011 WL 197464, 5 (S.D. Fla. 2011). Plaintiff was required by the APA to file suit either in state court in Sarasota, Florida or in the Middle District of Florida.

Plaintiff further argues that if New York's "borrowing statute" is relevant, then New Jersey's statute of limitations for breach of contract should apply to this case, and

Case No. 8:11-CV-617-T-17TGW

not that of Florida or New York. N.J.S.A. 2A:14-1.

Plaintiff argues that, to the extent that the Complaint alleges in paragraphs 13 through 15 that Defendant ADP failed to collect certain collectible accounts receivable, or improperly failed to credit Plaintiff with certain collections, it cannot be readily determined from the face of the Complaint when those collections should have been, or were actually, made. Plaintiff argues that the dates of any breaches of contract related to those items cannot yet be determined.

Plaintiff further argues that Defendant's Motion to Dismiss is premature as to any of the breach of contract issues in this case. Plaintiff argues that the statute of limitations issue should be raised by summary judgment. Plaintiff argues that facts such as where the cause of action accrued, or when Defendant should have and did collect certain receivables, are disputed issues, and in the absence of further discovery, the entry of summary judgment is premature. See American Home Assurance Company v. Weaver Aggregate Transport, Inc., 2011 WL 794817 (M.D. Fla. 2011).

III. Defendant's Reply

Defendant ADP argues that Florida's five year statute of limitation applies to bar this claim, whether the Court applies Florida law because Florida is the forum state, or because the Agreement designates New York law as its governing law, and New York choice of law doctrine directs the Court to apply the Florida statute of limitations.

Defendant ADP argues that, if the Court looks to the APA to discover the intent of the parties as to the appropriate statute of limitations, pursuant to Section 11.3 of the Agreement, New York choice of law principles govern, as the contract dictates the use of New York law (without restriction). Defendant ADP argues that Plaintiff does not dispute that the proper statute of limitation is determined by reference to New York's

6

Case No. 8:11-CV-617-T-17TGW

borrowing statute, C.P.L.R. 202. Defendant ADP relies on Global Financial Corp. v. Triare, 715 N.E.2d 482 (1999)(cause of plaintiff's cause of action for breach of contract claim accrued where plaintiff sustained alleged injury). "When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." Id. at 529. The Complaint alleges an economic injury. Plaintiff Jumpstart resides in Florida and has its principal place of business in Florida.

Defendant ADP further argues that Florida follows lex loci contractus. "For contract cases, lex loci contractus will determine the applicable statute of limitations." See Lanoue v. Rizk, 987 So.2d 724, 727 (Fla. 3d DCA 2008). Defendant ADP argues that, under this rule, the cause of action accrues in the place where the contract is completed.

IV. Discussion

In general, in determining a motion to dismiss, the Court considers only the allegations of the Complaint. The Court notes that the APA is attached to the Complaint, and is central to the breach of contract claim.

Plaintiff has filed the Hartnett Affidavit to establish that this case has a more significant connection with New Jersey than with New York, in that all pre-and post-contract communications with Defendant ADP as to the accounts receivable were with ADP executives in New Jersey. In the Complaint, ADP is identified as a Colorado corporation whose principal offices are located in Roseland, New Jersey.

The APA provides:

7

Case No. 8:11-CV-617-T-17TGW

> 11.3 **Governing Law**. This Agreement and its validity, construction and performance shall be governed in all respects by the laws of the State of New York applicable to contracts made and wholly performed in such state.

The basis of jurisdiction of Plaintiff's breach of contract claim is diversity. The Court therefore applies Florida conflicts of law rules to determine what law controls substantive issues. Under Florida law, courts will enforce contractual choice of law provisions unless the law of the chosen forum contravenes strong public policy of the forum. Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co., 761 So.2d 306, 311 (Fla. 2000). The "strong public policy" must be a policy of sufficient importance to outweigh the freedom of contract. A contract provision is presumed valid until it is proved invalid; the party seeking to prove the provision invalid has the burden of proof. L'Arbalete, Inc. v. Zaczac, 474 F.Supp.2d 1314 (S.D. Fla. 2007).

Plaintiff has not argued that the selection of New York law is merely fortuitous. Plaintiff does not contend that the choice of law provision was included in the APA due to some misrepresentation or fraud by Defendant, or that the selection of the statute of limitations which applies to contracts formed and intended to be performed within the State of New York contravenes a strong public policy of the State of Florida. The public policy exception is narrow and does not apply unless it is necessary to protect Florida's citizens. State Farm Mutual Automobile Ins. Co. v. Roach, 945 So.2d 1160) (Fla. 2006).

Florida law permits contracting parties to choose what law applies. This case involves a commercial transaction between sophisticated entities who have made explicit choices and the Court presumes the validity of the choices. The APA is an integrated contract ( Sec. 11.2), and can only be amended by a written agreement executed by the parties (Sec. 8.2). No written amendments have been provided to the Court.

Case No. 8:11-CV-617-T-17TGW

The Court has noted the discussion of Restatement (Second) of Conflict of Laws Sec. 188 in Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988)(Law Governing in Absence of Effective Choice by the Parties). The Court also notes the provisions of Restatement (Second) Conflict of Laws Sec. 187 (Law of the State Chosen by the Parties). If the parties have made an effective choice of applicable law, the Court does not remake that choice.

For the purpose of determining the Motion to Dismiss, the Court finds that APA is not ambiguous, and the APA's choice of law provision is to be applied as written; the statute of limitations is an issue to which the parties agreed that the New York statute of limitations applicable to contracts wholly made and performed within the State of New York applies. The statute of limitations for contracts formed and performed within the State of New York is six years from the date of the breach.

According to the APA, the A/R Measurement Date was December 31, 2004 (Dkt. 2, p. 8). Pursuant to Section 2.12, the Adjustment Statement was due within 60 days of December 31, 2004, on or before March 1, 2005. Plaintiff alleges that the Adjustment Statement was never provided to Plaintiff. The date of the breach is March 1, 2005. Plaintiff commenced this case in Sarasota County Circuit Court on 2/25/2011.

After consideration, the Court denies the Defendant's Motion to Dismiss, and finds it unnecessary to separately consider the issue of improper adjustment of the purchase price based on accounts receivable that were either not collected, were improperly deemed uncollectible, or were collected but nevertheless resulted in a downward adjustment of the purchase price. These issues may be determined when and if dispositive motions are filed after the close of discovery, or at trial. Accordingly, it is

Case No. 8:11-CV-617-T-17TGW

**ORDERED** that Defendant's Motion to Dismiss (Dkt.6) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of December, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record