UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUMPSTART OF SARASOTA, LLC,

    Plaintiff,

v.                                   CASE NO. 8:11-CV-617-T-17TGW

ADP SCREENING AND
SELECTION SERVICES, INC.

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 16    Motion for Reconsideration
Dkt. 17    Opposition

Defendant ADP Screening and Selection Services, Inc. moves for reconsideration of the Order denying Motion to Dismiss (Dkt. 10). Plaintiff opposes the Motion.

I. Standard of Review

The decision to grant a Motion for Reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189

Case No. 8:11-CV-617-T-17TGW

F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a Motion for Reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

Defendant argues that the Court should reconsider the denial of the Motion to Dismiss, and dismiss this case. Defendant argues that the Court misconstrued the nature and effect of CPLR 202, New York's borrowing statute. When the parties chose New York law, they chose the borrowing statute and the shorter statute of limitations period which applies when suit is brought by a nonresident plaintiff on a claim accruing outside of New York. See Hughes Electronics Corp. v. Citibank Delaware, 120 Cal. App. 4th 251 (Cal. 2d DCA 2004)(agreement "governed by the laws of the state of New York"; application of New York law includes application of borrowing statute).

The Asset Purchase Agreement provides:

> 11.3 Governing Law. This Agreement and its validity, construction and performance shall be governed in all respects by the laws of the State of New York applicable to contracts made and wholly performed in such state.

A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). As a preliminary matter, the court must characterize the legal issue and determine whether it

Case No. 8:11-CV-617-T-17TGW

sounds in torts, contracts, property law, etc. Once it has characterized the legal issue, it determines the choice of law rule that the forum state applies to that particular type of issue. Acme Circus Operating Co. v. Kuperstock, 711 F.2d 1538, 1540 (11th Cir. 1983). See Grupo Televisa, S.A. v. Telemundo Communications Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007). This case involves a breach of contract claim. Under Florida rules, statutes of limitations are substantive in nature. Western Group Nurseries, Inc. v. Ergas, 211 F.Supp.2d 1362, 1365 (S.D. Fla. 2002). Under Florida law, a choice of law provision in a contract is enforced unless the law of the chosen forum contravenes strong public policy. None has been identified; the choice of law provision is presumptively valid.

In the prior Order, the Court relied on the plain language of the APA at issue, "New York law applicable to contracts made and wholly performed in such state," which is more specific that a general incorporation of "New York law." The Court is not persuaded that a case which relies on a general incorporation of "New York law" requires the Court to reconsider its prior ruling. After consideration, the Court **denies** the Motion for Reconsideration, and the alternative motion to certify under 28 U.S.C. Sec. 1292(b). Accordingly, it is

**ORDERED** that the Motion for Reconsideration, or alternative motion to certify under 28 U.S.C. Sec. 1292(b) (Dkt. 16) is **denied**.

Case No. 8:11-CV-617-T-17TGW

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 5th day of September, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record